UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES SURGICAL HOSPITAL, LLC | CIVIL ACTION |
| VERSUS | NO: 17-2590 |
| LOUISIANA HEALTH SERVICE & INDEMNITY CO., ET AL. | SECTION: "A" (2) |

# ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff, St. Charles Surgical Hospital, LLC. Defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (hereinafter "BCBSLA") opposes the motion. The motion, submitted on May 17, 2017, is before the Court on the briefs without oral argument.

On or about May 13, 2016, Plaintiff St. Charles Surgical Hospital rendered medical services to a patient who was insured by a health insurance program administered by BCBSLA. The patient had executed an assignment of benefits authorizing direct payment to Plaintiff for all plan benefits payable for the medical services rendered. Plaintiff contends that BCBSLA had notice of the assignment yet inexplicably issued payment directly to the patient in the amount of $72,926.94.

Plaintiff filed suit against BCBSLA in state court alleging that BCBSLA violated La. R.S. § 40:2010 when it failed to honor the assignment, and seeking recovery of the $72,926.14. Section 40:2010 provides in pertinent part:

> No insurance company, employee benefit trust, self-insurance plan, or other entity which is obligated to reimburse the individual or to pay for him or on his behalf the charges for the services rendered by the hospital shall pay those benefits to the individual when the itemized statement submitted to such entity clearly indicates that the individual's rights to those benefits have been assigned to the hospital. When any insurance company, employee benefit trust, self-insurance plan, or other entity has notice of such assignment prior to such payment, any payment to the insured shall not release said entity from liability to the hospital to which the benefits have been assigned, nor shall such payment be a defense to any action by the hospital against that entity to collect the assigned benefits.

La. Rev. Stat. Ann. § 40:2010 (West 2016).

No one suggests that the parties are diverse in citizenship.[1] But the plan at issue is an employee benefit plan covered by ERISA.[2] On March 27, 2017, BCBSLA removed the case to this Court alleging that ERISA completely preempts Plaintiff's claims under La. R.S. § 40:2010 thereby rendering the case removable. (Rec. Doc. 1, Notice of Removal ¶ 7). Notably, in *Louisiana Health Service & Indemnity Co. v. Rapides Healthcare System*, 461 F.3d 529 (5th Cir. 2006), the Fifth Circuit specifically held that ERISA does *not* preempt La. R.S. § 40:2010. BCBSLA contends, however, that this case falls outside the scope of *Rapides Healthcare*, and that removal is proper.

As the party invoking the jurisdiction of a federal court, BCBSLA bears the burden of establishing that this case was properly removed. *See St. Paul Resinsur. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

Having focused its efforts on trying to distinguish this case from the reach of the

---

[1] Even if the parties were diverse in citizenship, the jurisdictional amount for diversity jurisdiction is not satisfied.

[2] Employee Retirement Income Security Act

*Rapides Healthcare* decision, the underlying and insurmountable problem for BCBSLA with this removal still remains: original subject matter jurisdiction. Plaintiff's petition raises only issues of state law. Therefore, in order to remove the case to federal court in the absence of diversity jurisdiction, BCBSLA must rely on original subject matter jurisdiction in the form of federal question jurisdiction ("arising under") pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction, may be removed . . . .") (emphasis added). As explained by the Supreme Court in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 62 (1987), ERISA must completely preempt the state law claims so as to recast Plaintiff's complaint as one actually arising under federal law in order for removal to be proper.

But not all ERISA preemption is complete preemption for purposes of creating federal subject matter jurisdiction and rendering a case removable. *See id.* at 64 ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law.") (citing *Franchise Tax Bd. v. Constr. Laborers Vac. Trust*, 463 U.S. 1, 25-27 (1983)). Thus, even if BCBSLA's arguments pertaining to "relate to" preemption under 29 U.S.C. § 1144(a) of ERISA had merit, remand would still be necessary because mere "relate to" preemption is not sufficient to accomplish the complete preemption necessary to create the federal question jurisdiction essential to removal. In other words, even if the Court credited all of BCBSLA's arguments pertaining to the *Rapides Healthcare* decision, it does not follow that Plaintiff's state law cause of action would be converted into a federal one. Rather, at best BCBSLA could only hope to assert a federal preemption *defense* to the state law claim but a federal

defense is insufficient in and of itself to support removal to federal court.

Even so, the Court finds unpersuasive BCBSLA's attempt to distinguish the *Rapides Healthcare* decision for purposes of "relate to" preemption. BCBSLA's arguments are based on the distinction between self-funded ERISA plans and fully-insured ERISA plans. The plan at issue in *Rapides Healthcare* was an insured plan and the plan at issue in this case is a self-funded plan, but that is a distinction without a difference insofar as La. R.S. § 40:2010 is concerned. The significance of the self-funded versus fully-insured distinction for ERISA plans comes into play for purposes of applying § 1144(b)(2)(B), colloquially called "the deemer clause." The deemer clause functions to exempt self-funded ERISA plans from state laws that regulate insurance within the meaning of § 1144(b)(2)(A), colloquially called "the savings clause." *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). But the deemer clause, and hence the important distinction between self-funded plans and fully-insured plans, has effect only on state laws saved from preemption by the savings clause of § 1144(b)(2)(B). *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 336 n.1 (2003). And the savings clause of § 1144(b)(2)(B) applies only to those state laws that are subject to "relate to" preemption under § 1144(a).[3]

---

[3] The "relate to" preemptive part of ERISA states in relevant part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter ***relate to*** any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (emphasis added).

The "savings clause" then immediately follows:

The fallacy of BCBSLA's argument then is that the Fifth Circuit held in *Rapides Healthcare* that La. R.S. § 40:2010 is not subject to "relate to" preemption under § 1144(a), and that specific conclusion derives from an analysis that was not concerned with whether the ERISA plan at issue was fully-insured or self-funded. The Fifth Circuit expressly stated that because La. R.S. § 40:2010 is not preempted by ERISA, *i.e.*, not superseded under the "relate to" clause of § 1144(a), "we need not consider whether the statute is saved from preemption as a law regulating insurance." *Rapides Healthcare*, 461 F.3d at 541. Having found it unnecessary to consider the applicability of the savings clause, the Fifth Circuit made no mention whatsoever of the deemer clause, which would have been the next step in the analysis, and which then would have made the self-funded versus fully-insured distinction relevant to its holding. BCBSLA's arguments pertaining to the distinction between self-funded and fully-insured plans are relevant only to the applicability of the deemer clause, an issue two levels removed from the "relate to" determination upon which the *Rapides Healthcare* holding is based. In other

---

> Except as provided in [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State **which regulates insurance**, banking, or securities.

*Id.* § 1144(b)(2)(A) (emphasis added).

The "deemer clause then follows the savings clause:

> Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, **shall be deemed** to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144 (b)(2)(B) (emphasis added).

words, having concluded at the "relate to" level of the analysis that La. R.S. § 40:2010 was not preempted by ERISA, the distinction between self-funded and fully-insured plans was irrelevant to the majority opinion. The Fifth Circuit's holding in *Rapides Healthcare* that La. R.S. § 40:2010 is not preempted by ERISA therefore applies with equal force to a self-funded plan like the one at issue in this case.[4]

In sum, BCBSLA has failed to demonstrate that Plaintiff's claims arise under federal law for purposes of conferring original subject matter jurisdiction on this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff, St. Charles Surgical Hospital, LLC is **GRANTED**. This case is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction.

July 10, 2017

                                          JAY C. ZAINEY
                                       UNITED STATES DISTRICT JUDGE

---

[4] Judge Owen's concurring opinion, which BCBSLA relies upon, actually demonstrates the futility of BCBSLA's attempt to distinguish *Rapides Healthcare* when a self-funded plan is involved. In her analysis, Judge Owen reached the same result as the majority but she reached it by applying a different approach. Judge Owen expressly assumed arguendo that La. R.S. § 40:2010 "relates to" an ERISA plan, and that the savings clause applied to save it from preemption. *Rapides Healthcare*, 461 F.3d at 542. She then stressed that the plan at issue was not a self-funded plan, and that fact was crucial to *her* analysis, because having relied upon the savings clause to exempt La. R.S. § 40:2010 from preemption, the analysis necessarily would have to pass through the deemer clause, which for a self-funded plan would have restored the preemptive effect of § 1144(a)—an outcome that would have been contrary to the one that all of the judges on the panel were convinced was the correct one.